IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEY,

    *Plaintiff,*

v.

                                                      Case No. 25-2521-EFM-TJJ

WACHTER, INC.,

    *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Joseph Ley brings three Counts of employment discrimination against Defendant, Wachter, Inc. Plaintiff's first two Counts allege that Wachter discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA").[1] Plaintiff's third Count alleges that Wachter violated Kansas's whistle-blower retaliation law by terminating Plaintiff's employment. Wachter filed a Partial Motion to Dismiss (Doc. 17) under Fed. R. Civ. P. 12(b)(6) contending that Plaintiff's whistle-blower retaliation Count fails to state a claim upon which relief can be granted.[2] For the reasons stated herein, the Court grants Wachter's motion.

    **I.**    **Factual and Procedural Background**[3]

Plaintiff was employed by Wachter for approximately six years, most recently as an "IT DevOps Engineer." Plaintiff has the following disabling conditions: ADHD and anxiety. He

---

[1] Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*.

[2] Also pending is a nearly identical Partial Motion to Dismiss (Doc. 4). After Wachter filed its first motion to dismiss, Plaintiff was granted leave to amend his Complaint and filed an Amended Complaint (Doc. 15). Because the Amended Complaint supersedes Plaintiff's original Complaint, Wachter's motion to dismiss the original Complaint is moot. *See Tackett v. Univ. of Kan.*, 234 F. Supp. 3d 1100, 1105 n.2 (D. Kan. 2017).

[3] The facts are taken from Plaintiff's Amended Complaint and are considered true for purposes of this Order.

requires daily medication and professional medical attention to manage these conditions. In early 2024, Plaintiff notified Wachter of his disabling conditions.

Over an extended period of time preceding the Fall of 2024, Plaintiff repeatedly brought to the attention of Wachter management various security flaws within Wachter's software system. Plaintiff expressed these concerns verbally and in writing, specifically stating that the remote access configuration in the company firewall was outdated and unpatched. He expressed that this made the system vulnerable to criminal threats by hostile actors. Plaintiff suggested and tested a replacement solution. Plaintiff's concerns and proposed solutions were ignored. He expressed these concerns and took action to fix the deficiencies under the "good faith belief that he was benefiting [Wachter's] business endeavors."

In October 2024, Wachter was victimized by the cyber-criminal organization "Black Basta" who launched an unlawful cyber-attack on Wachter's software systems. Black Basta exploited the vulnerabilities identified by Plaintiff. In performing his duties to respond to the attack, Plaintiff again voiced his opinion regarding the steps Wachter should take to prevent future attacks.

Plaintiff's employment with Wachter was terminated on November 15, 2024. He brought this suit on September 4, 2025. Wachter's Partial Motion to Dismiss has been fully briefed and is ripe for the Court's ruling.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[4] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim

---

[4] Fed. R. Civ. P. 12(b)(6).

to relief that is plausible on its face.'"[5] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[6] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[7] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[8]

### III.     Analysis

Kansas is an at-will employment state which means that an employer can terminate an employee "for good cause, for no cause, or even for the wrong cause."[9] A recognized exception to this rule is that an employer may not terminate an employee in retaliation for whistleblowing.[10] To establish a retaliatory discharge for whistleblowing claim, a plaintiff must show:

> a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and the employee was discharged in retaliation for making the report.[11]

---

[5] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[7] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[8] *Iqbal*, 556 U.S. at 678–79.

[9] *Goodman v. Wesley Med. Ctr., LLC*, 276 Kan. 586, 78 P.3d 817, 821 (2003).

[10] *Id.*

[11] *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685, 690 (1988).

Additionally, "the whistle-blowing must have been done out of a good faith concern over the wrongful activity reported rather than from a corrupt motive such as malice, spite, jealousy or personal gain."[12]

Plaintiff's retaliation claim does not fit the framework of this exception. "Workplace discussions and disagreements do not give rise to whistleblower claims unless the plaintiff actually reports illegal conduct *by the employer* or one of the plaintiff's *co-workers*."[13] Plaintiff did not report that "a *co-worker* or *employer* was engaged in activities in violation of rules, regulations or the law."[14] Rather, he expressed his concern that a *third-party* could commit a criminal act against Wachter.

As Kansas courts have affirmed, the whistleblower retaliation exception to Kansas's at-will-employment doctrine "was not meant to endow every workplace dispute over the water cooler on company practices . . . with whistle-blower overtones."[15] Plaintiff's concerns may have been validated by Black Basta's crime, and his proposed solutions may have been prudent. But how Wachter protects itself from criminal threats is not a matter that concerns public health, safety, and the general welfare. Further, Plaintiff's Complaint makes clear that his concern and motivation was not to protect the public, but rather his employer's "business endeavors." Accordingly, Plaintiff's expression of concern over Wachter's vulnerability to cyber-attacks perpetrated by third parties is not the type of report that qualifies him for whistleblower protection under Kansas law.

---

[12] *Id.*

[13] *Conrad v. Bd. of Johnson Cnty. Comm'rs*, 237 F. Supp. 2d 1204, 1267 (D. Kan. 2002) (emphases added).

[14] *Palmer*, 752 P.2d at 690 (emphases added).

[15] *Fowler v. Criticare Home Health Servs., Inc.*, 27 Kan. App. 2d 869, 10 P.3d 8, 15 (2000), *aff'd*, 271 Kan. 715, 26 P.3d 69 (2001).

-5-

**IT IS THEREFORE ORDERED** Defendant Wachter's Partial Motion to Dismiss (Doc. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** Defendant Wachter, Inc.'s Partial Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 18th day of February 2026.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE